## CIRCUIT COURT OF HANOVER COUNTY

Hanover County

 v.

Kenneth Dunn

February 10, 2011

Case No. CR10001004-00

BY JUDGE J. OVERTON HARRIS

Before the Court is the issue of whether Mr. Dunn is in violation of Article 7, Section 3.2, of Title I of the Appendix to the Hanover County Code ("the zoning ordinance"). The Court heard argument on December 20, 2010, and took the matters under advisement. After careful review and consideration, the Court rules as follows.

### I. *Background*

The evidence presented at trial shows that located on Defendant's property are nine poles that are approximately fifteen feet tall. Attached to the poles are banners that are approximately ten feet wide and two feet long, which bear fifty stars and thirteen alternating red and white stripes. On two separate occasions, December 29, 2009, and April 23, 2010, Defendant was issued a Notice of Violation advising him that the display on his property is in violation of a Hanover County zoning ordinance prohibiting certain types of signage, including "[p]ennants, advertising banners, streamers, and all other fluttering, spinning, or similar type signs, except specified herein." Hanover County, Va., Zoning Ordinance, art. 7, § 3.2(6)(d) (2010). Defendant argues that the display on his property does not violate the zoning ordinance because it is a display of the flag of the United States of America. The zoning ordinance specifically permits the display of the flag of the United States of America under certain conditions. *Id.* § 3.2(5).

## II. *Analysis*

The flag prescribed by Part I of Executive Order 10834 became the official flag of the United States effective July 4, 1960. Exec. Order No. 10,834, 24 Fed. Reg. 6865 (Aug. 25, 1959). Part I of Executive Order 10834 states:

> Section 1. The flag of the United States shall have thirteen horizontal stripes, alternate red and white, and a union consisting of white stars on a field of blue.
>
> Sec[tion] 2. The positions of the stars in the union of the flag and in the union jack shall be as indicated on the attachment to this order, which is hereby made a part of this order.
>
> Sec[tion] 3. The dimensions of the constituent parts of the flag shall conform to the proportions set forth in the attachment referred to in section 2 of this order.

The attachment to Executive Order 10834 includes a pictorial representation of the flag with a table setting forth the proportion of the hoist (width) and fly (length) of the flag and the hoist and fly of the field of the union. According to the table attached to Executive Order 10834, the standard hoist-to-fly ratio of the flag of the United States is one to one and nine-tenths (1:1.9). Defendant admitted on cross-examination that the hoist-to-fly proportion for the banners displayed on his property is approximately five to two (5:2). Additionally, the attachment to Executive Order 10834 shows that, on the flag of the United States, the union does not extend the full width of the flag and the bottom six stripes do not extend from the union. Photographs of the banners displayed on Defendant's property show that the "union" extends the full width of the flag with all thirteen stripes extending therefrom. Clearly, the banners displayed on Defendant's property do not comport with the standard proportions of the flag of the United States.

The mere fact that the banners located on Defendant's property have thirteen horizontal stripes alternating red and white with fifty white stars on a field of blue does not make them flags of the United States of America. The Court agrees with the County's argument that Defendant's banners are *representations* of the flag. Accordingly, the Court finds that Defendant is in violation of the zoning ordinance.